O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL MURPHY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>   v.<br>VERMONT TEDDY BEAR COMPANY, a Vermont Corporation; and DOES 1–10, inclusive,<br><br>          Defendants. | Case No. 13-cv-09387-ODW(CWx)<br><br>**ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT** |

On December 20, 2013, Defendant Vermont Teddy Bear Company (VTBC) removed this case to this Court, ostensibly invoking diversity jurisdiction under 28 U.S.C. § 1332, 1441, and 1453. But after considering VTBC's Notice of Removal, the Court finds that it lacks subject-matter jurisdiction over this action. The Court therefore **REMANDS** this case to Ventura County Superior Court, case number case number 50-2013-00444706.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may only remove a suit filed in state court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal

"jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). Alternatively, diversity jurisdiction can be established under the Class Action Fairness Act ("CAFA"). Under CAFA, diversity jurisdiction exists in "mass action" suits so long as the following requirements are met: (1) 100 or more plaintiffs; (2) common questions of law or fact between plaintiffs' claims; (3) minimal diversity, where at least one plaintiff is diverse from one defendant; (4) aggregated claims in excess of $5 million; and (5) at least one plaintiff's claim exceeding $75,000. 28 U.S.C. § 1332(d); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006).

For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

In its Notice of Removal, VTBC alleges that "Plaintiff alleges she is a resident of California." (Not. of Removal ¶ 9 (citing ¶¶1 of the Complaint.) This is insufficient. While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence

allegations are insufficient to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Neither does VTBC cite any objective facts to establish that Murphy is a California citizen, such as "voting registration and voting practices, . . . location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). The Court therefore finds that VTBC has not competently established that this Court has diversity jurisdiction over this case.

Further, in its removal papers, VTBC alleges that Murphy has placed, in the aggregate, more than $5 million in controversy, but it fails to allege that the amount in controversy for any individual Plaintiff—or even one individual plaintiff—exceeds $75,000. (Notice of Removal ¶ 17.) This does not suffice. Under Ninth Circuit law, individual plaintiffs must still meet the $75,000 amount-in-controversy requirement in a CAFA mass action: "'*jurisdiction* shall *exist* only over those plaintiffs whose claims in a mass action satisfy the [in excess of $75,000] jurisdictional amount.'" *Abrego*, 443 F.3d at 687 (emphasis and alteration in original) (citing 28 U.S.C. § 1332(d)(11)(B)(i)). While it is unclear whether each individual plaintiff in a mass action has to meet the $75,000 amount-in-controversy requirement, it is clear that at least one plaintiff must meet that requirement. *Id.* at 689 ("We do conclude . . . that the case cannot go forward unless there is *at least* one plaintiff whose claims can remain in federal court.").

Examining the Complaint and VTBC's removal papers, the Court finds no evidence suggesting that any class member would be entitled to more than $75,000 in damages. Murphy brings this class-action suit for the alleged recording of her wireless telephone conversation with one of VTBC's customer-service representatives in violation of California Penal Code section 632.7. (Compl. ¶¶ 18–22.) Murphy

alleges entitlement to statutory penalties each alleged violation, for herself and each class member. (Compl. ¶ 21.) California Penal Code section 637.2 provides for statutory damages of $5,000 for each alleged violation of California Penal Code section 632.7. Thus, although the statutory penalty sought for each alleged violation, when multiplied by the number of potential violations, exceeds $5,000,000.00, no individual plaintiff could recover more than $75,000.

Based on VTBC and Murphy's allegations thus far, the Court finds that no individual putative class member's claim exceeds $75,000 by a preponderance of the evidence. Because the Court therefore cannot determine that any one Plaintiff would have a claim that could remain in federal court, *see Abrego*, 443 F.3d at 689, the Court *sua sponte* **REMANDS** this case to Superior Court of California, Ventura County, 800 S. Victoria Avenue, Ventura, California 93009, case number 50-2013-00444706-CU-MT-VTA. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

January 13, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**